Ira J. Cohen, Esq. Informal Opinion No. 99-9 County Attorney County of Sullivan P. O. Box 5012 Monticello, N Y 12701
Dear Mr. Cohen:
You have raised two questions relating to counties with a charter form of government. First, you have requested our opinion whether a county charter can include additional referendum requirements beyond those currently authorized by Article 4 of the Municipal Home Rule Law, referred to as the County Charter Law.
It has long been established that a municipality may conduct a referendum only if authorized by State law. OpAttyGen (Inf) No. 90-24; 1985 Op Atty Gen (Inf) 57; 1981 OpAttyGen (Inf) 154. Government by representation is the general rule and direct action by the people must be authorized specifically by State law. Ibid.; Matter of McCabe v. Voorhis, 243 N.Y. 401
(1926); Mills v. Sweeney, 219 N.Y. 213 (1916). For example, certain local laws are subject to either a mandatory referendum or referendum on petition under sections 23 and 24 of the Municipal Home Rule Law. An amendment of a county charter which abolishes or creates an elective office; changes the voting or veto power or method of removing an elective county officer during his or her term of office; abolishes, curtails or transfers to another county officer any power of an elective county officer; or changes the form or composition of the county legislative body is subject to a permissive referendum. NY Const, Art IX, § 1(h)(2). This provision is implemented by section 34(4) of the Municipal Home Rule Law, which defines the procedure for conducting the permissive referendum. Section 34(4) is part of Article 4 of the Municipal Home Rule Law, known as the County Charter Law. The County Charter Law establishes a procedure for local enactment of county charters. This authorization by the State Legislature is required by New York Constitution, Article IX, § 1(h).
Therefore, referendum requirements must be authorized by State law. The County Charter Law contains specific referendum requirements.
Some county charter referendum provisions, however, derive from other sources and are different from those in the County Charter Law. A provision of a county's charter authorizing a referendum may have been authorized by a prior version of the State Constitution or prior State law. The current home rule article of the Constitution, which mandates that the Legislature empower counties to adopt county charters (NY Const, Art IX, § 1[h]), includes a savings clause which preserves pre-existing valid provisions of acts of the State Legislature and of local legislation and provides that they remain in force until repealed, amended or superseded. N Y Const, Art IX, § 3(b). The savings clause preserves validly adopted charter provisions which remained in force when the current savings clause was enacted. See, OpAttyGen (Inf) No. 99-4, which relates to a provision of the Nassau County Charter derived from a prior constitutional provision and saved by subsequent provisions of the Constitution up to and including current Article IX. Therefore, in answer to your question, a referendum must be authorized by State law. Some county charters include referendum provisions that were authorized by State law prior to enactment of the County Charter Law and have been preserved by Article IX of the State Constitution.
Your second question is whether the referendum requirements of section34(4) of the Municipal Home Rule Law apply to a county administrative code. As discussed above, section 34(4) is part of the County Charter Law and implements referendum requirements set forth in the Constitution for amending a county charter. Determination of whether section 34(4) applies to an administrative code will depend upon the content of the code. If the code contains provisions falling within the definition by State law of a county charter, section 34(4) will apply. Under section33 of the Municipal Home Rule Law, a county charter
 shall set forth the structure of the county government and the manner in which it is to function. Such charter may provide for the appointment of any county officers or their selection by any method of nomination and election, provided that there shall be an elective board of supervisors, the members of which shall be deemed county officers, which shall determine county policies and exercise such other functions as may be assigned to it. Municipal Home Rule Law § 33(2).
The County Charter Law goes on to delineate other provisions that must be included in a county charter. Id., § 33(3). Therefore, if an administrative code, under the County Charter Law, by its provisions is a charter, provisions of State law and the Constitution applicable to charters, including the referendum provisions of section 34(4), will apply to the code.
On the other hand, an administrative code could constitute a compilation of local laws passed by the county legislative body under section10 of the Municipal Home Rule Law, which do not relate to the structure and function of county government. These local laws might include, for example, regulations to protect the health and safety of persons and property in the county and other subjects authorized by the considerable delegation of local law power under section 10
of the Municipal Home Rule Law. The referendum requirements applicable to local laws (Municipal Home Rule Law §§ 23, 24) would apply to these local laws rather than referendum requirements established under the County Charter Law.
We conclude that the content of a county administrative code will determine whether it should be viewed as a part of the county charter for purposes of applying provisions of the County Charter Law. Provisions of county charters validly enacted under prior provisions of law may include different referendum requirements from those in the current County Charter Law and additional referendum requirements.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Attorney General in Charge of Opinions